IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
ERIE DIVISION

| | |
|---|---|
| GLAVIN IVY, | ) |
| | ) |
| Plaintiff | ) 1:20-CV-00265-RAL |
| | ) |
| vs. | ) RICHARD A. LANZILLO |
| | ) Chief United States Magistrate Judge |
| JOHN WETZAL, LAUREN BLAKE, J. WINTERS, DOMBROSKI, HEX. FISCUS, CCPM GUSTAFSON, MAJOR PERRY, DSCS ADAMS, DSFM MONGELLUZZO, | ) |
| | ) ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION |
| | ) |
| | ) ECF NO. 53 |
| Defendants | ) |
| | ) |

ORDER

I.  Introduction

Plaintiff Glavin Ivy has moved the Court to reconsider its Order of February 27, 2023, granting summary judgment to the extent it granted judgment in favor of Defendant J. Winters.[1] ECF Nos. 51, 52. For the reasons that follow, the motion for reconsideration will be DENIED.

II. Standard of Review

Motions for reconsideration are normally decided under Federal Rule of Civil Procedure 59(e), regarding motions to alter or amend a judgment, or 60(b), addressing motions for relief from a final judgment. *Black Bear Energy Servs., Inc. v. Youngstown Pipe & Steel, LLC*, 2021 WL 4751746, at *3 (W.D. Pa. Oct. 12, 2021) (quoting *In re Nat'l Forge Co.*, 326 B.R. 532, 541 (W.D. Pa. 2005)). A party seeking reconsideration of a final order generally must demonstrate at

---

[1] The Court's Order of February 27, 2023 also entered judgment in favor Defendant Laruen Blake. In his response to Defendants Blake and Winters' motion for summary judgment, Ivy conceded that "Blake was not personally involved in the policy or incident" at issue and that judgment in her favor was appropriate. ECF 48, p.3. To the extent Ivy's pending motion seeks reconsideration of the entry of judgment in favor of Blake, it is denied based on this concession.

least one of the following grounds: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court entered judgment; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice. *Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999) (citing *North River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995)). A motion for reconsideration is also appropriate in instances where the court has "patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension." *Rohrboach v. AT & T Nassau Metals Corp.*, 902 F. Supp. 523, 527 (M.D. Pa. 1995), *vacated in part on other grounds on reconsideration*, 915 F. Supp. 712 (M.D. Pa. 1996) (citation omitted).

A successful motion for reconsideration requires the movant to "demonstrate a 'definite and firm conviction that a mistake has been committed,' or that the court overlooked arguments that were previously made." *Black Bear Energy Servs.*, 2021 WL 4751746, at *3 (quoting *United States v. Jasin*, 292 F.Supp.2d 670, 676 (E.D. Pa. 2003)). Such motions may not be used to reargue unsuccessful theories or argue facts or issues that were not presented to the court in the context of the previously decided matter. *Drysdale v. Woerth*, 153 F. Supp. 2d 678, 682 (E.D. Pa. 2001). In other words, a motion for reconsideration is not a means to get a "second bite at the apple." *Kropa v. Cabot Oil & Gas Corp.*, 716 F. Supp. 2d 375, 378 (M.D. Pa. 2010). "Because federal courts have a strong interest in the finality of judgments, motions for reconsideration should be granted sparingly." *Cont'l Cas. Co. v. Diversified Indus., Inc.*, 884 F. Supp. 937, 943 (E.D. Pa. 1995) (citation omitted).

III.  Analysis

A.  First Amendment Freedom of Speech Claim

Ivy argues that reconsideration of the Court's dismissal of his First Amendment free speech claim is warranted because "the Court has misunderstood [his] arguments," "there exists a need to correct a clear error of law or fact[,] or to prevents manifest injustice." ECF No. 53. Specifically, Ivy states, "Reduced to its essentials, Plaintiff argued that the prison regulation (confiscating Free Speech materials) and punishing Plaintiff for possession of Free Speech materials was an 'exaggerated response' to otherwise legitimate security concerns (preventing inmates from possession contraband)." *Id.*, p.2. While invoking his "free speech" rights, however, Ivy never identified how Wright's action impaired or burdened those rights. Wright did not prevent Ivy from typing legal materials for the other inmate, and nothing in the record supports that the other inmate was denied his legal materials after Wright confiscated them from Ivy. Wright confiscated the papers pursuant to a policy that considers a prisoner's possession of property belonging to another inmate possession of "contraband." Ivy concedes that the policy serves "legitimate security" interests. *Id.* More importantly, Ivy never demonstrated that the policy on its face or as applied to him burdened his free speech rights. Given this failure of proof, the Court had no occasion to undertake an analysis under *Turner v. Safley*, 482 U.S. 78, 89 (1987) beyond this threshold inquiry. For this reason, the Court will deny Ivy's request to reconsider the entry of summary judgment in favor of Wright on his First Amendment claim.

B.  First Amendment Retaliation Claim

Ivy also fails to cite to a change in the law, new evidence, or "the need to correct clear error of law or prevent manifest injustice" to justify reconsideration of his retaliation claim. The Court determined that Ivy's retaliation claim failed because the record showed that Defendants

would have made the same decision irrespective of Ivy's alleged constitutionally protected conduct. Ivy's argument for reconsideration raises essentially the same arguments he asserted in his responsive filings. His argument that the Court erred in its evaluation of the record are unconvincing. Accordingly, the Court finds no ground to reconsider its judgment in favor of Wright on Ivy's retaliation claim.

IV.   Conclusion

For the foregoing reasons, Ivy's motion for reconsideration is DENIED.

DATED this 25th day of April, 2023.

BY THE COURT:

_____
RICHARD A. LANZILLO
CHIEF UNITED STATES MAGISTRATE JUDGE